10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel L. PRATT; Paul A. Liberski, Plaintiffs-Appellants,
v.
Darrell BECKSTROM, Chief, Bureau of Records and Driver
Control, Motor Vehicle Division, Department of
Justice, State of Montana, Defendant-Appellee.
 No. 92-35209.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1993.*
Decided Nov. 12, 1993.
 
 Before: TANG, FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel L. Pratt and Paul A. Liberski appeal the dismissal of their Sec. 1983 complaint, which challenges on due process grounds Montana's "implied consent" statute, Mont.Code Ann. Secs. 61-8-402, et seq., and requests declaratory and injunctive relief against the State's Bureau of Records and Driver Control. The district court held that abstention under Burford v. Sun Oil Co., 319 U.S. 315 (1943), was proper. We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse.
 
 
 3
 * "The district court's decision to abstain is reviewed for an abuse of discretion." Tucker v. First Md. Sav. & Loan, Inc., 942 F.2d 1401, 1402 (9th Cir.1991). "However, in abstention cases, discretion must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved." Privitera v. California Bd. of Medical Quality Assurance, 926 F.2d 890, 895 (9th Cir.1991) (quotation marks omitted). "Unless certain exceptional circumstances are present, a district court has little or no discretion to abstain. Whether these requirements were met is reviewed de novo." Id. (quotation marks and alterations omitted).
 
 II
 
 4
 Pratt and Liberski argue that the factors that warrant Burford abstention are not met. They note that they make a facial challenge to the "implied consent" statute based on its failure to provide adequate notice or hearing, and that abstention is inappropriate because no questions of state law are raised, Montana has no administrative structure to deal with license suspension or revocation, and that because their challenge goes only to the adequacy of notice and hearing--not to the requirements of the statute itself--the relief sought would not interfere with Montana's regulatory scheme. New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 361 (1989). The state concedes that implied consent appeal hearings are under the general jurisdiction of the state trial courts, and that constitutional claims cannot be raised in those hearings. Yet it contends that abstention is appropriate because Montana's declaratory judgment statutes provide a forum for resolving constitutional issues, and any order by a federal court supporting Pratt's and Liberski's claims would interfere with Montana's ability to regulate in an area of substantial public concern.
 
 
 5
 Where timely and adequate state court review is available, a federal court
 
 
 6
 must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.
 
 
 7
 Id. (quotation marks omitted).
 
 
 8
 Under this standard, we agree with the district court that regulation of drunk driving is a matter of state policy, but we disagree that the balance of other factors which warrant Burford abstention can weigh in Montana's favor. Pratt's and Liberski's due process challenge raises federal constitutional issues whose resolution does not depend on clarification or interpretation of state law. Whether the notice and hearing provisions of the implied consent statute comport with the United States Constitution will be answered by such cases as Bell v. Burson, 402 U.S. 535 (1971), Dixon v. Love, 431 U.S. 105 (1977), and Mackey v. Montrym, 443 U.S. 1 (1979), not by state law on which state court input would be meaningful.
 
 
 9
 Even though state courts of general jurisdiction may resolve federal constitutional issues, Burford abstention comes into play when a state has established a "system of concentrated judicial review" in order "to maintain consistency in a complex area of law." Privitera, 926 F.2d at 895. Here, the Bureau processes suspension of licenses. The implied consent statute vests the Montana courts with jurisdiction to hear appeals when licenses are suspended, but the courts may only consider whether (1) the peace officer had reasonable grounds to believe the individual in question was intoxicated, (2) the individual was arrested, and (3) the individual refused to submit to a blood, breath, or urine test. Mont.Code Ann. Sec. 61-8-403. This does not amount to an administrative mechanism for enforcement of Montana's drunk driving laws, or to a structure for development of state policy, that would be disturbed by a federal court's ruling on the federal constitutional issues that are raised in this case.
 
 III
 
 10
 Pratt and Liberski ask for their attorney's fees under 42 U.S.C. Sec. 1988. Although Pratt and Liberski have established that the district court should not have abstained from considering their case, they have not yet prevailed on the merits. "[A]t a minimum, to be considered a prevailing party within the meaning of Sec. 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989) (emphasis added). An award of attorney's fees is therefore premature. Sosa v. Hiraoka, 920 F.2d 1451, 1461 (9th Cir.1990).
 
 
 11
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-4